DONALD B. MCSHANE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McShane v. Commissioner
Docket No. 9820-93
United States Tax Court
T.C. Memo 1993-604; 1993 Tax Ct. Memo LEXIS 625; 66 T.C.M. (CCH) 1668; December 21, 1993, Filed *625 For petitioner: Scott P. Borsack. For respondent: Pamela S. Wilson. LARO
LARO
MEMORANDUM OPINION LARO, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue for decision is whether Donald B. McShane (petitioner) filed his petition for redetermination with this Court within the time prescribed in section 6213(a). [1]
Background
On May 5, 1992, respondent issued petitioner a 30-day letter. By letter dated June 26, 1992, Scott Borsack (counsel) forwarded an executed Form 2848 to respondent indicating that he was petitioner's representative for, among other things, the year in issue, 1990. On July 8, 1992, respondent sent a notice of deficiency for petitioner's 1990 taxable year (the Notice) by certified mail to petitioner's last known address, 155 East 55th Street in New York, New York. [2] However, from June 28 through the end of July, *626 petitioner was in Atlanta, Georgia, and no one signed for the letter on his behalf. Thus, it was returned undelivered to respondent. Petitioner first learned of the deficiency on January 25, 1993, when respondent issued a letter requesting payment of the deficiency. By letter dated January 26, 1993, counsel requested a copy of the Notice. Respondent enclosed such a copy with a letter sent to counsel dated March 3, 1993. Petitioner filed his petition with the Court on May 17, 1993. Discussion
Section 6212(a) authorizes respondent to determine a deficiency in income tax by mailing a notice of deficiency to the taxpayer. If the Notice was properly mailed to petitioner, then the petition must be dismissed for lack of jurisdiction because it was not filed within 90 days after the Notice was mailed. Sec. 6213(a); , affd. . *627 Respondent is authorized to send a notice of deficiency by certified or registered mail. Sec. 6212(a). A notice of deficiency is valid if it is sent to petitioner's last known address. Sec. 6212(b)(1). Petitioner does not dispute that the Notice was mailed to his last known address. Rather, he argues that because neither he nor counsel, his designated representative, received the Notice in time to file a timely petition, the time period in which to file should be tolled until petitioner received actual notice of the deficiency. We do not agree with petitioner. [3] The statute requires only proper mailing, not receipt, ; , affd. per curiam , and does not require actual notice to the taxpayer, ; , affd. without opinion . *628 We have considered petitioner's other arguments and find them to be without merit. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.↩
2. Petitioner resided in Palm Beach, Florida, at the time he filed his petition.↩
3. The cases petitioner cites are distinguishable. In both , and , affd. without opinion , the issue was whether the Commissioner had mailed the notice of deficiency to the taxpayer's "last known address". Petitioner has conceded that the Notice was mailed to his last known address.↩